UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYLE SVARA,<br><br>Defendant | Criminal No. 25cr10472<br><br>Violations:<br><br>Count One: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br>Count Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Conspiracy to Commit Computer Fraud<br>(18 U.S.C. § 371)<br><br>Count Four: Computer Fraud<br>(18 U.S.C. § 1030(a)(4))<br><br>Count Five: False Statements<br>(18 U.S.C. § 1001(a)(2))<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c))<br><br>Computer Fraud Forfeiture Allegation:<br>(18 U.S.C. §§ 982(a)(2)(B) and 1030(i)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.     Kyle SVARA ("SVARA") resided in or around the Northern District of Illinois. SVARA attended high school in Plainfield, Illinois and later graduated from the University of Illinois at Urbana-Champaign with a degree in computer engineering.

2.     Steve WAITHE ("WAITHE") resided in or around the District of Massachusetts and the Northern District of Illinois. From on or about October 11, 2018, until in or about February

1

2019, WAITHE was employed as a coach of the men's and women's track and field team at Northeastern University ("Northeastern"). In November 2023, WAITHE was convicted of 12 counts of wire fraud; one count of cyberstalking; one count of conspiracy to commit computer fraud; and one count of computer fraud, aiding and abetting. *See* 21-CR-10342-PBS.

3. Snapchat is a social media application and service offered by Snap Inc., which has its headquarters in Santa Monica, California, that allows users to share photos, videos, and messages – commonly called "snaps" – with other users. Snaps can be directed privately to selected contacts or to a more public "story." Unless the sender or recipient chooses to save a snap, the snap is automatically deleted, either after the content is sent or after it is opened. Snapchat also offers users the ability to save photos and videos in a private, passcode-protected portion of the application called "My Eyes Only." Snapchat servers are used in and affecting interstate and foreign commerce.

4. TextNow is a free, Voice Over Internet Protocol ("VOIP") application and service that allows users to text, call, or video call any number in the United States and Canada. TextNow, which has headquarters in Ontario, Canada and an office in San Francisco, California, provides users with a phone number that can be used on any smartphone, tablet, or desktop computer with an internet connection. When a user registers for TextNow, they are assigned a 10-digit phone number, and the user can request a number with their desired area code. TextNow will only assign one phone number to a TextNow account at a time. TextNow servers are used in and affecting interstate and foreign commerce.

5. Victims 4, 9, 14, 16, 23-25, 37, 39, 43, 46, 49, 58, 69, 75, 78, 83, 87, 94-96, and 546-571 were women who were known to WAITHE, because they were or had been students at Northeastern University and members of Northeastern's Women's Track and Field or Soccer

2

teams; had attended college or high school with WAITHE; or had other personal relationships with WAITHE.  In 2020, Victim 14 resided in the District of Maryland, Victim 16 resided in the District of Colorado, Victim 39 resided in the District of Massachusetts, Victim 46 resided in the Western District of North Carolina, Victim 75 resided in the District of Arizona, Victim 87 resided in the District of Massachusetts, and Victim 94 resided in the Western District of Pennsylvania.

6.      Victims 1, 3, 5-6, 10, 12, 15, 19-20, 26, 28-30, 35, 38, 41, 44, 47-48, 52, 54, 60, 63-64, 68, 70-71, 73, 86, 88, 92, and 101-102 resided in or around Plainfield, Illinois, in the Northern District of Illinois in 2020 and 2021.

7.      Victims 8, 22, 31, 33, 45, 51, 67, 72, 80, and 93 were students at Colby College in Waterville, Maine, and lived in or around the District of Maine in 2020 and 2021.

Scheme to Defraud

8.      From at least May 2020 to February 2021, SVARA used social engineering and other resources to obtain victim emails, phone numbers and/or Snapchat usernames; used those means of identification to access victim Snapchat accounts, prompting Snap Inc. to send account security codes to victims; opened accounts with VOIP services like TextNow; posed as a representative of Snap Inc. and texted victims requesting their Snapchat access codes using anonymized VOIP phone numbers; accessed victims' Snapchat accounts without authorization and downloaded victims' compromising nude and semi-nude images; and sold or traded stolen images on internet forums or in transactions with individuals who had requested the account compromises. Through this scheme, SVARA successfully obtained Snapchat access codes from Victims 1-571 and compromised the Snapchat accounts of Victims 1-9, 12-14, 16-21, 27-30, 32-33, 39, 42, 44-47, 49, 52-57, 63, 65, 67, 69, 71, 75-76, 79, 80-82, 84, 86-89, 94-97, 99, and 523, among others known and unknown to the United States Attorney.

3

9.     Specifically, SVARA opened a TextNow account in his own name but with an anonymized email address on June 10, 2020, which over time was associated with at least five different telephone numbers. All five phone numbers had the area code "213," which is associated with Los Angeles, California. SVARA registered this account using an IP address ending in -186 (the 186 IP address), which geolocated to the Plainfield, Illinois area where SVARA lived.

10.     Posing as the "Snapchat Support Team," SVARA used his TextNow account to send more than 4,500 outgoing messages to would-be victims. In response, SVARA received more than 700 incoming messages containing five- or six-digit security codes from Victims 1-571, which he used to access his victims' Snapchat accounts without authorization. Once SVARA had accessed a victim's account, SVARA would change the password and enable two-factor authentication security measures, which prevented the true account holder from regaining control of her account. SVARA then downloaded images stored within the victim's account, primarily nude or semi-nude images.

11.     SVARA further solicited four-digit "My Eyes Only" passcodes, which allowed him to access a section of the victim's Snapchat account that had additional security and required a second passcode. SVARA also collected personal information that could allow him to guess or reverse engineer a victim's "My Eyes Only" code, such as the victim's date of birth, pet's name, or favorite color.

12.     SVARA kept stolen victim content for himself and sold or traded it with others on the internet. SVARA advertised on internet forums like Reddit that he could "get into girls snap accounts" for others and provide content "for you or trade." He directed potential co-conspirators to reach out to him on other, more secure channels like the encrypted messaging application Kik.

13.     In one example of this scheme, on June 17, 2020, SVARA used his TextNow

4

account to message Victim 33 while she was in the District of Massachusetts. SVARA posed as the "Snapchat Support Team" and requested that Victim 33 provide a six-digit security code to secure her account. Victim 33 responded with the requested six-digit code. Victim 33 then separately received emails from Snapchat notifying her of a new login to her Snapchat account from an iPad near Plainfield, Illinois, using the 186 IP address, and notifying her that her password had been changed.

14. In a second example, on October 30, 2020, SVARA used his TextNow account to message Victim 67 while she was in the District of Massachusetts. SVARA posed as the "Snapchat Support Team" and requested that Victim 67 provide a six-digit security code to secure her account. Victim 67 responded with the requested six-digit code. SVARA then solicited an additional four-digit passcode, and Victim 67 responded with her four-digit My Eyes Only passcode. Her account was then accessed with an iPad, its password was changed twice, and a two-factor authentication application was enabled and disabled.

<u>Overview of the Conspiracy to Commit Computer Fraud</u>

15. From on or about October 5, 2020, through on or about October 24, 2020, SVARA compromised the Snapchat accounts of Victims 4, 9, 14, 16, 39, 46, 49, 69, 75, 87, and 94-96, who were connected to WAITHE either through their common participation in Northeastern athletics or other personal relationships with WAITHE.

16. SVARA obtained access to the Snapchat accounts of one or more victims and downloaded or otherwise copied certain contents of the accounts, including nude and/or semi-nude photos or videos stored in the accounts.

17. SVARA provided these stolen contents to WAITHE. In exchange, WAITHE paid SVARA three times, for a total of $50.

Object and Purpose of the Conspiracy

18.    The object of the conspiracy was to commit computer fraud, in violation of Title 18, United States Code, Section 1030(a)(4), by accessing a protected computer, to wit, the servers of Snap Inc., without authorization to obtain a thing of value.  The principal purpose of the conspiracy was to obtain nude and/or semi-nude photos of victims that WAITHE and SVARA could keep for themselves and sell or trade to others.

Manner and Means of the Conspiracy

19.    Among the manner and means by which SVARA, together with others known and unknown to the United States Attorney, carried out the conspiracy to commit computer fraud were the following:

a.    Advertising SVARA's ability to compromise victim Snapchat accounts on online forums including Reddit;

b.    Utilizing anonymizing phone services, including TextNow, to contact victims in the guise of representing Snap Inc. and providing technical support;

c.    Compromising the Snapchat accounts of victims who had relationships with WAITHE;

d.    Downloading contents of victim accounts, including nude and/or semi-nude photos stored in the accounts;

e.    Transmitting stolen victim contents to WAITHE; and

f.    Receiving one or more payments from WAITHE for SVARA's assistance in obtaining unauthorized access to, as well as the contents of, victims' Snapchat accounts.

Acts in Furtherance of the Conspiracy and the Scheme to Defraud

20.    From on or about October 5, 2020, through on or about October 24, 2020, Kyle SVARA, Steve WAITHE, and coconspirators known and unknown to the United States Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.    On October 5, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 46 requesting her pin. Upon receipt of the pin, Svara accessed Victim 46's Snapchat account without authorization.

b.    On October 5, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 14 requesting her pin. Upon receipt of the pin, SVARA accessed Victim 14's Snapchat account without authorization.

c.    On October 5, 2020, WAITHE sent SVARA a CashApp payment of $10.

d.    On October 7, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 16 requesting her pin. Upon receipt of the pin, SVARA accessed Victim 16's Snapchat account without authorization.

e.    On October 7, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 75 requesting her pin. Upon receipt of the pin, SVARA accessed Victim 75's Snapchat account without authorization.

f.    On October 7, 2020, WAITHE sent SVARA a CashApp payment of $20.

g.    On October 14, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 94 requesting her pin. Upon receipt of the pin, SVARA accessed Victim 94's Snapchat account without authorization.

h.    On October 16, 2020, SVARA posed as a representative of Snap Inc. and

sent text messages to Victim 87 requesting her pin.  Upon receipt of the pin, SVARA accessed Victim 87's Snapchat account without authorization.

i.      On October 20, 2020, WAITHE sent SVARA a CashApp payment of $20.

j.      On October 23, 2020, SVARA posed as a representative of Snap Inc. and sent text messages to Victim 39 requesting her pin.  Upon receipt of the pin, SVARA accessed Victim 39's Snapchat account without authorization.

False Statements

21.    On or about July 30, 2024, SVARA consented to be interviewed by law enforcement officers at his residence.  SVARA stated that he did not know anything about hacking Snapchat.  As to pornographic material involving children, SVARA stated, "I don't do that" and "God no, I wouldn't do that," which statements were false at the time they were made.

22.    On or about February 7, 2025, SVARA participated virtually with his counsel in an interview at the United States Attorney's Office.  SVARA stated that he had no interest in pornographic material involving children under the age of 18 and had never actively sought out or accessed such material, which statements were false at the time they were made.

COUNT ONE
Aggravated Identity Theft
(18 U.S.C. § 1028A)

The United States Attorney charges:

23.    The United States Attorney re-alleges and incorporates by reference paragraphs 1-20 of this Information.

24.    On or about October 30, 2020, in the District of Massachusetts, and elsewhere, the defendant,

KYLE SVARA,

did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, computer fraud, in violation of Title 18, United States Code, Section 1030(a)(4), knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT TWO<br>Wire Fraud<br>(18 U.S.C. § 1343)

The United States Attorney further charges:

25.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-20 of this Information.

26.     On or about June 17, 2020, in the District of Massachusetts, and elsewhere, the defendant,

KYLE SVARA,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit: a text message from a TextNow account controlled by SVARA, purported to belong to Snap Inc., to Victim 33 requesting Victim 33's Snapchat account access code.

All in violation of Title 18, United State Code, Section 1343.

10

## COUNT THREE
Conspiracy to Commit Computer Fraud
(18 U.S.C. § 371)

The United States Attorney further charges:

27.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-20 of this Information.

28.     From on or about October 5, 2020, through on or about October 24, 2020, in the Northern District of Illinois, and elsewhere, the defendant,

KYLE SVARA,

conspired with STEVE WAITHE and others known and unknown to the United States Attorney to commit an offense against the United States, to wit, computer fraud, in violation of Title 18, United States Code, Section 1030(a)(4), that is, to knowingly access a protected computer without authorization, with intent to defraud, and by means of such conduct to further the intended fraud and obtain a thing of value, to wit, nude and semi-nude images of women known to WAITHE.

All in violation of Title 18, United States Code, Section 371.

11

COUNT FOUR
Computer Fraud
(18 U.S.C. § 1030(a)(4))

The United States Attorney further charges:

29.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-20 of this Information.

30.     On or about October 5, 2020, in the Northern District of Illinois, and elsewhere, the defendant,

KYLE SVARA,

did knowingly access a protected computer without authorization, with intent to defraud, and by means of such conduct did further the intended fraud and obtain a thing of value, to wit, nude and semi-nude images of Victim 46.

All in violation of Title 18, United States Code, Section 1030(a)(4).

12

COUNT FIVE
False Statements
(18 U.S.C. § 1001(a)(2))

The United States Attorney further charges:

31.    The United States Attorney re-alleges and incorporates by reference paragraphs 21-22 of this Information.

32.    On or about February 7, 2025, in the District of Massachusetts, the defendant,

KYLE SVARA,

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, during an interview with law enforcement agents and the undersigned Assistant United States Attorney, SVARA stated that he had no interest in pornographic material involving children under the age of 18 and had never actively sought out or accessed such material.

All in violation of Title 18, United States Code, Section 1001(a)(2).

13

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

33.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count Two, the defendant,

KYLE SVARA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

34.     If any of the property described in Paragraph 33, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 33 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

14

<u>COMPUTER FRAUD FORFEITURE ALLEGATION</u>
(18 U.S.C. §§ 982(a)(2)(B) & 1030(i))

The United States Attorney further alleges:

35.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 1030(a)(4), set forth in Counts Three and Four, the defendant,

KYLE SVARA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1030(i), any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, pursuant to Title 18, United States Code Section 1030(i), any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses.  The property to be forfeited includes, but is not limited to, the following assets:

a.     one black iPhone with IMEI number 3599403087236843;

b.     one MSI laptop computer with serial number K1702N0065046;

c.     one Apple Macbook and cable with serial number C02ZT0PFMD6R;

d.     one Apple iPad with serial number CG8XGNWSJF8J;

e.     one white desktop computer with serial number 11147298072000201; and

f.     one blue iPhone with IMEI number 353431656494721.

36.     If any of the property described in Paragraph 35, above, as being forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), as a result of any act or omission of the defendant --

a.     cannot be located upon the exercise of due diligence;

15

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Sections 982(b)(2)

and 1030(i)(2), each incorporating Title 21, United States Code, Section 853(p), to seek forfeiture

of any other property of the defendant up to the value of the property described in Paragraph 35

above.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i).


LEAH B. FOLEY
UNITED STATES ATTORNEY


By:   _____
MEGHAN C. CLEARY
Assistant United States Attorney


Date: December 31, 2025