

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 27, 2026

Todd S. Pugh
Chelsy L. Van Overmeiren
Breen & Pugh
Monadnock Building
53 West Jackson Boulevard, Suite 1550
Chicago, Illinois 60604

   Re: United States v. Kyle Svara

Dear Attorneys Pugh and Van Overmeiren,

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Kyle Svara ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

   1. <u>Change of Plea</u>

As soon as possible, Defendant will waive Indictment and plead guilty to counts One through Five of the Information: aggravated identity theft, in violation of 18 U.S.C. § 1028A; wire fraud, in violation of 18 U.S.C. § 1343; computer fraud, in violation of 18 U.S.C. §§ 1030(a)(4) and (5)(C); conspiracy to commit computer fraud, in violation of 18 U.S.C. § 371; and making a material false statement, in violation of 18 U.S.C. § 1001(a). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

   2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties: As to Count One, aggravated identity theft, in violation of 18 U.S.C. § 1028A, mandatory incarceration for two years; supervised release for one year; a mandatory special assessment of $100; restitution; and

forfeiture to the extent charged in the Information.  As to Count Two, wire fraud, in violation of 18 U.S.C. § 1343, incarceration for up twenty years; supervised release for up to three years; a fine of up to $250,000 or twice the gross gain or loss; restitution; and forfeiture to the extent charged in the Information.  As to Counts Three and Four, computer fraud and conspiracy to commit computer fraud in violation of 18 U.S.C. §§ 371 and 1030(a)(4) and (5)(C), incarceration for up to five years; supervised release for up to three years; a fine of up to $250,000; restitution; and forfeiture to the extent charged in the Information.  As to Count Five, material false statements, in violation of 18 U.S.C. § 1001(a), imprisonment for up to five years, a fine of up to $250,000; restitution; and forfeiture to the extent charged in the Information.

3.    Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 14:

a) Defendant's base offense level is seven because the defendant was convicted of wire fraud, computer fraud, and conspiracy to commit computer fraud (USSG § 2B1.1(a)(1));

b) Defendant's offense level is increased by two levels because Defendant's offense involved 10 or more victims (USSG § 2B1.1(b)(2)(A));

c) Defendant's offense level is increased by two levels because the offense involved receiving stolen property, and the defendant was in the business of receiving and selling stolen property (USSG § 2B1.1(b)(4));

d) Defendant's offense level is increased by two levels because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C));

e) Defendant's offense level is increased by two levels because the defendant was convicted of an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information (USSG § 2B1.1(b)(18));

f) Defendant's offense level is increased by two levels because the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense (USSG § 3B1.3);

g) Defendant's offense level is increased by two levels because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense and the obstructive conduct related to the defendant's offense of conviction and any related offense or a closely related offense (USSG § 3C1.1);

h) Defendant's offense level is decreased by two levels because Defendant meets all of the criteria for certain zero-point offenders (USSG § 3E1.1); and

i) Defendant's offense level is decreased by three levels because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The parties agree that under the Guidelines, if Defendant is determined to have a Criminal History Category of I and a Total Offense Level of 14 as calculated by the government, the Guideline Sentencing Range is 15-21 months, in addition to a mandatory two-year term of imprisonment for a conviction under 18 U.S.C. § 1028A.

The Defendant objects to the government's application of sentencing enhancements pursuant to USSG §§ 2B1.1(b)(4), 2B1.1(b)(10)(C), and 3B1.3. The Defendant reserves his rights to contest the application of these enhancements at sentencing.

Defendant understands that the Court is not required to follow the government's calculation, sustain Defendant's objections to particular enhancements, or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes. However, the Defendant reserves his rights to appeal the Court's calculation with regard to the Guidelines to the degree permitted in Section 5 below.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense not presently known to the parties, or after the date of this agreement has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration up to 36 months, in addition to a mandatory two-year term of imprisonment for a conviction under 18 U.S.C. § 1028A;

b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

3

    c)  three years of supervised release;

    d)  a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e)  restitution in an amount to be determined at or within 90 days of sentencing; and

    f)  forfeiture as set forth in Paragraph 6 below.

Defendant reserves his rights to recommend any sentence he believes is appropriate. Defendant understands and agrees that a conviction under 18 U.S.C. § 1028A requires at least a two-year term of imprisonment.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.      <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights but now agrees to give them up. Specifically, Defendant agrees that:

    a)  Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit;

    b)  Defendant will not challenge Defendant's sentence, including any court orders relating to forfeiture, restitution, fines or supervised release, which provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement, except that Defendant <u>may</u> challenge any sentence greater than 38 months where such sentence is based on the Court's application of USSG §§ 2B1.1(b)(4), 2B1.1(b)(10)(C), or 3B1.3.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case (to the extent set forth in subparagraphs (a)-(b), above). <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise</u>

challenge Defendant's conviction and sentence (to the extent set forth in subparagraphs (a)-(b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.    Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a.    one black iPhone with IMEI number 3599403087236843;

b.    one MSI laptop computer with serial number K1702N0065046;

c.    one Apple Macbook and cable with serial number C02ZT0PFMD6R;

d.    one Apple iPad with serial number CG8XGNWSJF8J;

e.    one white desktop computer with serial number 11147298072000201; and

f.    one blue iPhone with IMEI number 353431656494721.

Defendant admits that these assets are subject to forfeiture on the grounds that they were used to facilitate Defendant's offenses.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets.  Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States,

including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

This waiver of claims specifically excludes the following seized property: two black USB flash drives, one Xbox power cable, one Xbox gaming console, one Atlantis Card USB device, one USB drive, and one Lenovo laptop computer with serial number CB11594493, which the United States has agreed return to Defendant, and as to which Defendant hereby waives any and all claims arising from or relating to the seizure, detention, and return of the property.

This waiver of claims further specifically excludes the following seized property: one Dell Latitude 5440 with serial number 6CGPVW3 and one black Apple iPhone with IMEI 357415871763586, which the United States has agreed return to Defendant after wiping of their contents, and as to which Defendant hereby waives any and all claims arising from or relating to the seizure, detention, and return of the property.

7.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following

Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.      Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10.     Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties or through proceedings in open court.

*       *       *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Meghan Cleary.

Sincerely,

LEAH B. FOLEY
United States Attorney

By:

ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

MEGHAN C. CLEARY
Assistant U.S. Attorney

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

Kyle Svara (Jan 29, 2026 19:49:40 CST)

Kyle Svara
Defendant

Date: 29/01/26

I certify that Kyle Svara has read this Agreement and that we have discussed what it means. I believe Kyle Svara understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Todd S. Pugh
Chelsy L. Van Overmeiren
Attorneys for Defendant

Date: 29 JANuary 2026

9