# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| United States of America<br>v.<br><br>KYLE SVARA<br><br>*Defendant* | )<br>)<br>)　　Case No.　1:25-cr-10472-BEM<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

　　The defendant must appear at:　United States District Court
　　　　　　　　　　　　　　　　　　　　　　　　*Place*
　　　　　　　　　　1 Courthouse Way, Boston, MA  02210

on　　　　　　　　　　　　5/18/2026 10:00 am
　　　　　　　　　　　　　　*Date and Time*

　　If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6) The defendant is placed in the custody of:
　　　　Person or organization _____
　　　　Address *(only if above is an organization)* _____
　　　　City and state _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

　　　　　　　　　　　　　　　　　　　　　Signed: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Custodian*　　　　　　　　　　*Date*

( ☑ ) (7) The defendant must:
　( ☑ ) (a) submit to supervision by and report for supervision to the __Pretrial Services Office in ND/IL in Chicago__,
　　　　　telephone number _____, no later than _____.
　( ☐ ) (b) continue or actively seek employment.
　( ☐ ) (c) continue or start an education program.
　( ☐ ) (d) surrender any passport to: _____
　( ☐ ) (e) not obtain a passport or other international travel document.
　( ☐ ) (f) abide by the following restrictions on personal association, residence, or travel: _____

　( ☑ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: but not limited to: Victims 1-571 and refrain from direct or indirect contact with Steve Waithe and any other co-conspirators.

　( ☑ ) (h) get medical or psychiatric treatment: participate in individualized specialized treatment, including mental health treatment, as deemed appropriate by Pretrial Services and sign all release forms to allow verification of treatment.
　( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

　( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
　( ☐ ) (k) not possess a firearm, destructive device, or other weapon.
　( ☐ ) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
　( ☐ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
　( ☐ ) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
　( ☐ ) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
　( ☐ ) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.
　　　　( ☐ ) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.
　( ☐ ) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

　　　i. Following the location restriction component (**check one**):

　　　　( ☐ ) (1) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____, or ( ☐ ) as directed by the pretrial services office or supervising officer; or
　　　　( ☐ ) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or
　　　　( ☐ ) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or
　　　　( ☐ ) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

# ADDITIONAL CONDITIONS OF RELEASE

(ii) submit to the following location monitoring technology (check one):
- ( ☐ ) (1) Location monitoring technology as directed by the pretrial services or supervising officer; or
- ( ☐ ) (2) GPS; or
- ( ☐ ) (3) Radio Frequency; or
- ( ☐ ) (4) Voice Recognition; or
- ( ☐ ) (5) Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.

(iii) ( ☐ ) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer

( ☐ ) (r) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (s) not solicit or request photos, images, videos, or any other media from women or children outside of your family that involves nudity, partial nudity, or of a sexual nature.

(t) You are ordered to participate in Pretrial Services Computer Restriction and Internet Management Program (CRIMP) and will inform your officer of all computer devices possessed and accessible to you. Computer devices may include but are not limited to: (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer devices, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

(u) You are permitted use of a standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Pretrial Services Office to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by U.S. Pretrial Services. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management requirements.

(v) Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Pretrial Services for risk and need of use. You must permit U.S. Pretrial Services to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

(w) You shall not access the following sites, applications, or programs: Snapchat; MEGA,and Instagram.

(x) You are responsible for all computer monitoring and/or management costs for your approved computer devices.

(y) You must allow the U.S. Pretrial Services to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Computer Restriction and Internet Management Program (CRIMP) requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality. The pretrial officer may also conduct a search under this condition when reasonable suspicion exists that you have violated a condition of supervision and the computer devices or networked systems used or possessed by you contain evidence of this violation.

(z) You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

(aa) You must notify your current employer of the pending charges within 10 business days and allow Pretrial Services to contact your employer to verify the disclosure or provide notice of resignation within 33 days. During this time period you are permitted to use your mother-in law's computer unmonitored and should only use this device for work purposes, with no further use after resignation.

(bb) You shall not use any online accounts associated with the instant offense. A list of such accounts will be provided to the defendant and Probation.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

BOSTON　　MA
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 2/4/2026　　　　　　　　　　　　　　　　/s/ Brian E. Murphy
_____
*Judicial Officer's Signature*

Brian E. Murphy - United States District Judge
*Printed name and title*

DISTRIBUTION:　COURT　DEFENDANT　PRETRIAL SERVICE　U.S. ATTORNEY　U.S. MARSHAL