UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) | Criminal No. 25-cr-10472-BEM |
| | ) ) | |
| KYLE SVARA, | ) ) | |
| Defendant | ) | |

## MOTION FOR LEAVE TO PROVIDE DEFENDANT'S UNSEALED SENTENCING MATERIALS TO DEFENDANT'S VICTIMS

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court to allow the government to provide copies of the defendant's unsealed sentencing materials to victims.

Of primary concern to the government is a mitigation video that defense counsel disclosed yesterday to the government and indicated he plans to admit and publish at sentencing. The government understands that counsel also provided a copy of the video to the Court, though the government was not included on that communication. The mitigation video has uncertain status. It was not attached as an exhibit to the defendant's sentencing memorandum and accordingly is not on the public docket, but the defendant has not moved to seal it and by his own account plans to play it in open court. In the First Circuit, materials submitted to the court that are intended to affect a sentencing decision are subject to a presumption of public access. *See, e.g.*, *United States v. Kravetz*, 706 F.3d 47, 56-57 (1st Cir. 2013) (holding the presumption applies to sentencing memoranda and letters sent to the court by third parties). The defendant's mitigation video is squarely in this category and should be public.

The government conferred with defense counsel and defense counsel indicated that he did not object to the government's disclosure of the video to victims but requested that the government take steps to prevent the video's further disclosure.  The government indicated that though it would request that victims not circulate the video, it has no ability to prevent further sharing where the defendant has not moved to seal the material nor identified any basis for sealing it.  Indeed, for the foregoing reasons, the material should be public.  Without notice to the government, defense counsel then password-protected the link to the video that he had previously provided.

The government has a copy of the video that it downloaded yesterday and in an abundance of caution, respectfully requests the Court's permission to share it with victims in advance of sentencing.  The material is not sealed, there is no basis to seal it, and there is no reason not to disclose it now so that victims are not blindsided at sentencing.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: July 16, 2026                    By:  /s/ *Meghan C. Cleary*
                                            MEGHAN C. CLEARY
                                            Assistant U.S. Attorney

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 16, 2026.

/s/ Meghan C. Cleary
Meghan C. Cleary
Assistant U.S. Attorney